Filed 3/4/21  P. v. Oliva CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078193 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR137512) |
| HENRY MICHAEL OLIVA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

BACKGROUND

Defendant Henry Michael Oliva and codefendant Steven Francis Corotan[1] were charged with one count of murder (Pen. Code,[2] § 187, count 1) and one count of conspiracy to commit murder (§ 182, subd. (a)(1), count 2). As to count 1, the information further alleged defendant aided and abetted the murder and was personally armed with a firearm. (§ 12022, subd. (a)(1).) Defendant in September 1993 pleaded guilty to count 1, as an aider and abettor to a murder. He was sentenced to 25 years to life.

On February 6, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The court summarily denied the petition on October 20, 2020, finding defendant was a direct "aider and abettor" in the murder. Unable to identify any arguable issues, appellate counsel seeks independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Affirmed.

FACTUAL OVERVIEW

The following facts are taken from this court's unpublished opinion in defendant's direct appeal, *People v. Henry Michael Oliva* (Mar. 21, 1995, D020816, [nonpub. opn.] (*Olivia I*)), in which we affirmed the judgment.

"On the evening of October 15, 1992, 16-year[-]old Oliva and a group of young men passed around a handgun and joked about killing James C[.] At C[.]'s home, Oliva and one young man went to the front door and spoke with C[.]'s mother. C[.] was not home. Later that evening, the group went to

---

[1] Corotan was also charged with the special circumstance allegation of lying in wait and personally using a firearm. (§§ 190.2, subd. (a)(1) & 12022.5.) He is not a party to this appeal.

[2] All further statutory references are to the Penal Code.

Henry Laguit's home. Again the group members were tossing the gun around and talking about shooting him. When Laguit came to the door, one of the group shot and killed him." (*Olivia I*, at p. *2.)

In *Olivia I*, this court denied defendant's contention that the trial court abused its discretion in sentencing him to prison. Defendant's contention was based on a series of statements made by the trial court at his sentencing including as follows:

"This case generally presents one of the most vicious case facts I think I have ever seen. This involves a killing party by a gang, a gang including Mr. Oliva, who thought out how to get a gun, thought out who they would kill, and settled upon two victims.

"The first victim fortunately was not home and he is alive today because he was not home. The second victim, unfortunately, was home. His mother answered the door first in response to Mr. Oliva's knock. It was Mr. Oliva who walked to the front door, asked for the victim to come forward, gave a false name, gave his middle name, and then stood back while his friend, who he knew very well and knew had the gun, came forward and shot point blank into that victim's chest, killing him.

"This is vicious. It's atrocious. It's beyond comprehension. And how this comes out of a normal, hard-working, good family is beyond comprehension also."

As noted, appellate counsel has filed a brief based on *Wende* and *Anders*. Counsel has summarized the facts and proceedings and includes citations to the records. He urges there are no contentions which, if found meritorious, would result in reversal or modification of defendant's judgment.

Counsel represents he has informed defendant of his right to file a supplemental brief on his own behalf and has provided defendant with a copy

3

of the record on appeal. This court also has informed defendant of his right to file a supplemental brief. He has chosen not to file such a brief.

Counsel requests that, pursuant to *Wende* and *Anders*, this court independently review the entire record to determine if there are any issues which, if resolved in defendant's favor, would result in modification or reversal of his judgment. To assist us in this review, pursuant to *Anders* counsel has pointed us to the following possible issues: whether the court erred in denying defendant's petition for relief under section 1170.95; and whether the procedural protections of *Wende* and *Anders* extend to his section 1170.95 petition. Finally, counsel asks this court to conduct an independent review of the record in the interest of justice.

## DISCUSSION

"In 2018, 'the Governor signed Senate Bill No. 1437 . . . in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill [No.] 1437 also added . . . section 1170.95, which created a [petition] procedure whereby a person whose felony murder conviction was final, but who could not have been convicted under the amended statutes, could petition to have the conviction vacated.' [Citation.]" (*People v. Gomez* (2020) 52 Cal.App.5th 1, 11–12.)

Under section 1170.95, subdivision (c) a trial court presented with a facially valid petition must determine if the petition sets forth a prima facie case for relief. If it does, the court must then hold a hearing at which the prosecutor bears the burden to prove beyond a reasonable doubt that the

petitioner is ineligible for resentencing. If the prosecutor fails to meet this burden, the court must vacate the murder conviction and resentence the defendant on any remaining counts. (§1170.95, subds. (c) & (d).)

As the trial court here correctly noted, defendant cannot make a prima facie showing that he is entitled to relief under the provisions of section 1170.95 because he pleaded guilty as a direct aider and abettor under an express or implied malice theory, and not based on the natural and probable consequences or felony-murder theory.

We also have fully and independently examined the record and conclude that there are no issues which, if resolved favorably to defendant, would result in reversal or modification of his judgment; and that defendant has been represented by competent counsel in this appeal.

DISPOSITION

The order of the trial court denying defendant's section 1170.95 petition is affirmed.

BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


GUERRERO, J.

5